■ CANTRADE PRIVATBANK AG. ZÜRICH, Respondent, v BANGKOK BANK PUBLIC COMPANY LTD., Appellant. [681 NYS2d 21] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 2, 1998, which granted, as to liability, plaintiff Cantrade Privatbank AG. Zürich's (Cantrade) motion for summary judgment in lieu of complaint and denied the cross motion of defendant Bangkok Bank Public Company Ltd. (Bangkok Bank) to dismiss the complaint on the grounds of comity and forum non conveniens, unanimously affirmed, with costs.

We agree with the IAS Court's determination not to give effect to a Thai court order enjoining payment by defendant issuing bank to plaintiff advising bank under the subject letter of credit agreement, since reimbursement under the agreement was to take place in New York (*see, Zeevi & Sons v Grindlays Bank [Uganda]*, 37 NY2d 220, 226, *cert denied* 423 US 866; *Canadian Imperial Bank of Commerce v Pamukbank Tas*, 166 Misc 2d 647, 651-652), and enforcement of the injunction would run contrary to New York's strong public policy in favor of enforcing letter of credit agreements according to their terms (*First Commercial Bank v Gotham Originals*, 64 NY2d 287, 298). The cases relied on by defendant Bangkok Bank for the proposition that performance under the letter of credit was to occur in Thailand, thus mandating the application of Thai law, are distinguishable both because the plaintiffs in those cases were the seller/beneficiaries accused of fraud under the underlying sales contracts, and because the issuing banks had not yet accepted the documents presented at the time the orders enjoining payment under the letters of credit were issued (*see, RSB Mfg. Corp. v Bank of Baroda*, 15 Bankr 650; *Chuidian v Philippine Natl. Bank*, 976 F2d 561). By contrast, plaintiff Cantrade in its capacity as an advising bank was a party only to the separate letter of credit contract, and its right to reimbursement became fixed when Bangkok Bank accepted the documents and authorized Cantrade to reimburse itself at Bangkok's New York branch (*see, First Commercial Bank v Gotham Originals, supra*, 64 NY2d, at 296).

Nor did the IAS Court improvidently exercise its discretion by denying the cross motion insofar as it sought dismissal of the action on forum non conveniens grounds. As noted, the letter of credit called for reimbursement in New York and New York public policy favors enforcement of the letter of credit agreement. In addition, the Thai court action concerns the underlying sales contract, not the letter of credit, and plaintiff was not a party to the sales contract (*compare, World Point Trading PTE. v Credito Italiano,* 225 AD2d 153 [dismissing action on forum non conveniens grounds where the party seeking recovery was also a beneficiary under, and accused of fraud in connection with, the underlying sales contract that was the subject of the action in the foreign jurisdiction], *with Canadian Imperial Bank of Commerce v Pamukbank Tas, supra,* 166 Misc 2d, at 653 [where the court refused to dismiss on forum non conveniens grounds an action by a confirming bank to recover under letter of credit]).

Finally, the IAS Court properly granted Cantrade summary judgment in lieu of complaint as to liability since the letter of credit and Bangkok Bank's October 4, 1996 SWIFT message constitute writings that " 'formally and explicitly acknowledge[ ] an indebtedness' " on the part of defendant and, thus, establish Cantrade's prima facie case for accelerated judgment under CPLR 3213 (*Weissman v Sinorm Deli,* 88 NY2d 437, 444). Bangkok Bank's argument that factual issues remain regarding Cantrade's good faith is unavailing since Cantrade was not a party to the underlying sales contract in which fraud is alleged, and because defendant has not produced competent evidence to demonstrate that Cantrade was part of a fraudulent scheme concerning the documents accepted by defendant (*see, First Commercial Bank v Gotham Originals, supra,* 64 NY2d, at 297; *see also, Bank of China v Chung Tai Enter. [U.S.A.],* 202 AD2d 306). However, since it remains unclear to what extent the funds expended by Cantrade were recovered by it from the seller/beneficiary's designees, the court correctly ordered discovery as to the amount of damages. In this regard, we note that documentary evidence of Cantrade's payment, presently absent from the record, will be needed to establish damages. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.