■ ITM Enterprises, Inc., Respondent, v Bank of New York, Appellant. [754 NYS2d 663] —In an action, inter alia, to recover funds pursuant to a letter of credit, the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated February 6, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the second cause of action, and substituting therefor a provision granting that branch

of the motion; as so modified, the order is affirmed, without costs or disbursements.

This action arises from an international agreement for the purchase and shipment of goods, which was financed by a letter of credit. It is undisputed that when the defendant bank transmitted the letter of credit to the bank representing the plaintiff shipper, it omitted a condition for payment. When the plaintiff allegedly failed to satisfy this condition, the bank representing the buyer refused to issue payment on the letter of credit. The plaintiff shipper subsequently commenced this action seeking damages from the defendant bank for its failure to accurately advise the terms of the letter of credit.

Contrary to the contention of the defendant bank, the Supreme Court properly denied that branch of its motion which sought summary judgment dismissing the plaintiff's first cause of action to recover the funds due under the letter of credit. The letter of credit was expressly made subject to the Uniform Customs and Practices for Documentary Credits (hereinafter UCP), which is a compilation of internationally-accepted commercial practices (*see Alaska Textile Co. v Chase Manhattan Bank, N.A.,* 982 F2d 813; *E & H Partners v Broadway Natl. Bank,* 39 F Supp 2d 275, 281). Although a letter of credit which is subject to the UCP is exempt from the Uniform Commercial Code (hereinafter UCC) provisions dealing with letters of credit, courts may rely upon analogous UCC provisions if consistent with the UCP (*see Nassar v Florida Fleet Sales,* 79 F Supp 2d 284, 291; *E & H Partners v Broadway Natl. Bank, supra; Canadian Imperial Bank of Commerce v Pamukbank Tas,* 166 Misc 2d 647; *Ross Bicycles v Citibank,* 161 Misc 2d 351). The UCP contains no provision governing an advising bank's duty to accurately transmit the terms of a letter of credit. Therefore, we may rely upon UCC 5-107 (c), which imposes a duty on an advising bank to accurately transmit the terms of the letter, since it is not in conflict with the UCP. Under the UCC, once the beneficiary of a letter of credit receives written advice of its issuance, he acquires the right to collect damages from the advising bank if the purpose of the letter of credit is frustrated by the giving of an inaccurate advice (*see Sound of Mkt. St. v Continental Bank Intl.,* 819 F2d 384, 393; *see also Merchants Bank of N.Y. v Credit Suisse Bank,* 585 F Supp 304, 307).

Guided by these principles, we agree with the Supreme Court's denial of summary judgment dismissing the plaintiff's first cause of action because there are disputed questions of fact, inter alia, as to whether the defendant's role in the trans-

action was limited to that of an advising bank, and, even if its role was so limited, whether the payment term which it omitted in advising the letter of credit was a material component of the underlying agreement upon which the plaintiff relied (*see Voest-Alpine Intl. Corp. v Chase Manhattan Bank, N.A.,* 707 F2d 680, 682; *Merchants Bank of N.Y. v Credit Suisse Bank, supra; Sound of Mkt. St. v Continental Bank Intl., supra*).

However, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's second cause of action to recover consequential and punitive damages. A claimant under a letter of credit may recover the amount that is the result of the dishonor or repudiation, as well as incidental damages, but not consequential or punitive damages (*see* UCC 1-106, 5-111; *Nassar v Florida Fleet Sales, supra* at 293-294). Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.