**BANCO ESPIRITO SANTO DE INVESTIMENTO, S.A., Plaintiff–Appellant,**

v.

**CITIBANK, N.A., Defendant–Appellee.**

No. 04–0622–CV.

United States Court of Appeals, Second Circuit.

Oct. 6, 2004.

Eugene D. Gulland, Peter D. Trooboff, Michael L. Rosenthal, Covington & Burling. Washington, DC. Linda C. Goldstein, Covington & Burling. New York, NY, for Plaintiff–Appellant.

David L. Carden, Jayant W. Tambe, Todd R. Geremia, Jones Day. New York, NY, for Defendant–Appellee.

PRESENT: FEINBERG, CARDAMONE and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Banco Espirito Santo de Investimento, S.A. ("BESI") appeals from a judgment of the District Court for the Southern District of New York (Mukasey, *C.J.*) dismissing claims brought against Defendant–Appellee Citibank, N.A. ("Citibank") pursuant to Fed.R.Civ.P. 12(b)(6). In addition to dismissing BESI's complaint, the District Court denied BESI leave to amend on the grounds that, given the facts alleged by BESI, amendment would be futile. Familiarity with the relevant facts, procedural history, and the issues raised on appeal is presumed. We review dismissals under Rule 12(b)(6) *de novo. Moore v. Paine-Webber, Inc.* 189 F.3d 165, 169 (2d Cir. 1999).

In March 1997, BESI invested $10 million in income notes in a financing entity known as Captiva Finance Ltd. ("Captiva I") and in May 1998, BESI invested $15 million in a similar fund, called Captiva III Finance Ltd. ("Captiva III"). Both Capti-

va I and Captiva III were established in 1995 by Citibank as a vehicle for investing in Colleralized Loan Obligations, which were notes issued against pools of high-yield debt securities. The funds were marketed by Citibank, which provided various management and advisory services.

After the investments failed, BESI filed a seven-count complaint against Citibank. BESI asserted claims for, *inter alia*, breach of its contract with Citibank, breach of contracts between Citibank and the Captiva entities to which it claimed it was an implied third-party beneficiary, and breach of an implied covenant of good faith. It also alleged breach of fiduciary duties, promissory estoppel, and fraud. In essence, BESI alleged that Citibank, through a series of deliberate misstatements and promises, had fraudulently induced BESI to invest and then failed to fulfill its promised supervisory role.

The District Court dismissed all claims. It concluded that BESI's contract and promissory estoppel claims, based on promises allegedly made orally by Citibank personnel, failed in the face of explicit language in the offering documents cautioning investors about the representations on which they were entitled to rely. The District Court rejected the contention that noteholders were third-party beneficiaries of administrative agreements between Captiva and Citibank. The Court also concluded that BESI's fraudulent inducement claim did not adequately allege falsity or intent to deceive and that various disclaimers in the investment and marketing documents precluded BESI's arguments of reliance. The District Court concluded that BESI's breach of fiduciary duty claim failed because it merely traded the contract claims for claims of breach of fiduciary duty, and the parties had only a conventional, arm's length business relationship. Finding these flaws fatal after

dismissing the complaint, the Court concluded that any attempts to amend would be futile.

We hereby affirm for essentially the reasons stated by the District Court in its thoughtful, comprehensive opinion.