■ Citibank, N.A., Respondent, v Allen Silverman, Appellant. [925 NYS2d 442]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered January 3, 2011, which granted

plaintiff's motion for summary judgment in lieu of complaint and referred the issues of sanctions, interest, and attorneys' fees to a special referee, unanimously modified, on the law, to delete the issue of sanctions from the issues referred to the special referee, and otherwise affirmed, without costs.

Plaintiff made a prima facie case with respect to the letter of credit on which it seeks to recover by submitting the letter of credit and the forbearance agreement, in which defendant acknowledged his repayment obligations under the letter of credit and the amount thereof (*see Cantrade Privatbank AG. Zrich v Bangkok Bank Pub. Co.*, 256 AD2d 11, 12 [1998]).

Defendant failed to raise a triable issue of fact sufficient to defeat plaintiff's motion with respect to either the letter of credit or the note signed by him. Even if defendant were to prevail on his claims under the Bank Holding Company Act (BHCA) and the Equal Credit Opportunity Act (ECOA) (15 USC § 1691 [a] [1]), those claims would not prevent plaintiff from enforcing the note and letter of credit (*see Silverman v Eastrich Multiple Inv. Fund, L.P.*, 51 F3d 28, 33 [3d Cir 1995] [ECOA violation will not void underlying credit transaction]; 12 USC § 1975 [remedy for violation of BHCA is treble damages]; *see also Cohen v Natif*, 202 AD2d 332, 333 [1994], *lv dismissed in part and denied in part* 83 NY2d 996 [1994] [defendant's counterclaims alleging discrimination "are separable from the main cause of action and are not a bar to the entry of judgment in favor of plaintiff" (citation omitted)]).

Defendant does not contend that the note and letter of credit are void due to plaintiff's alleged negligent representation and breach of fiduciary duty. Rather, he contends that he would be entitled to a setoff on the amount due under those documents. Therefore, his negligent misrepresentation and fiduciary duty claims can be severed (*see Midtown Neon Sign Corp. v Miller*, 196 AD2d 458, 459 [1993]).

The only claims that would affect plaintiff's ability to bring an action on the note and letter of credit are defendant's arguments that plaintiff orally agreed to forbear after the written forbearance agreement expired and waived its rights under the note and letter of credit. However, the note, letter of credit and forbearance agreement all contain enforceable provisions to the effect that they cannot be changed orally (*see* General Obligations Law § 15-301 [1]). While provisions such as these may be waived (*Rose v Spa Realty Assoc.*, 42 NY2d 338, 343 [1977]), plaintiff repeatedly said that it was not giving up any of its rights, and we will not presume that it waived them (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]). In ad-

dition, while an oral agreement to modify a written contract will be effective if there has been partial performance thereof that is "unequivocally referable to the modification" (*Rose*, 42 NY2d at 341), defendant's payments in April and May 2010 were not unequivocally referable to the alleged oral agreement to forbear. Rather, they were referable to plaintiff's February 2010 proposal, defendant's February 2010 counterproposal and the May 2010 loan modification agreement, that was never signed.

Assuming, arguendo, that CPLR 3212 (f) applies to an action commenced under CPLR 3213, defendant's affidavit failed to show that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]; *see also Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 103 [2006], *lv denied* 8 NY3d 804 [2007]).

The motion court properly dismissed defendant's counterclaim alleging a violation of the BHCA (12 USC § 1972 [1] [C]). When a bank engages in traditional banking practices, it cannot be liable under the BHCA (*see B. C. Recreational Indus. v First Natl. Bank of Boston*, 639 F2d 828 [1st Cir 1981]). "The antitying provisions [of the BHCA] were not intended to interfere with or impede appropriate traditional banking activities through which banks safeguard the value of their investment" (*In re Adelphia Communications Corp.*, 365 BR 24, 76 [SD NY 2007], citing *Nordic Bank PLC v Trend Group, Ltd.*, 619 F Supp 542, 554 [SD NY 1985]).

To demand additional collateral from a debtor who is in default in exchange for extending that debtor's letter of credit is well within traditional banking practices. Indeed, it is commonplace (*see Federal Deposit Ins. Corp. v Blankinship*, 986 F2d 1427 [10th Cir 1992] [table; text at 1992 WL 401602, *3, 1992 US App LEXIS 34726, *9 ["As a condition to renegotiating debts, banks can properly require additional collateral and impose other terms designed to ensure payment"]]). That the demand for additional collateral concerned the property of other family members does not take it out of the realm of traditional banking practices (*see Sanders v First Natl. Bank & Trust Co. in Great Bend*, 936 F2d 273, 278 [6th Cir 1991]).

Defendant's counterclaim for breach of the implied covenant of good faith and fair dealing fails because, as we have found, there was no oral forbearance agreement (*see Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v Salomon Bros. Intl.*, 251 AD2d 137 [1998], *lv denied* 95 NY2d 762 [2000]). Even if, arguendo, plaintiff orally agreed to forbear while the parties negotiated, we would still reject defendant's claim of bad

faith on the part of plaintiff (*see Massachusetts Mut. Life Ins. Co. v Gramercy Twins Assoc.*, 199 AD2d 214, 218 [1993]).

Defendant's counterclaims for negligent misrepresentation and breach of fiduciary duty also fail. His conclusory allegations that his relationship with plaintiff was more than that of lender and borrower and that he relied on plaintiff's advice are insufficient to raise the inference that this bank-borrower relationship was special (*see e.g. Korea First Bank of N.Y. v Noah Enters., Ltd.*, 12 AD3d 321, 323 [2004], *lv denied* 4 NY3d 710 [2005]). Even if, arguendo, there were a special relationship between the parties, defendant failed to raise the inference that he reasonably relied on incorrect information imparted by plaintiff (*see J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]; *Global Mins.*, 35 AD3d at 99; *P. Chimento Co. v Banco Popular de Puerto Rico*, 208 AD2d 385, 385 [1994]).

Defendant also fails to make a prima facie case of age discrimination under the ECOA. Even if plaintiff raised defendant's age as an issue during negotiations, it subsequently offered him a term sheet and a loan modification agreement. As for defendant's claim of discrimination on the basis of marital status, essentially based on 12 CFR 202.7 (d) (5), his own affidavit and his lawyer's affidavit show that plaintiff did not require his wife to furnish collateral. Rather, plaintiff gave defendant various options, one of which was to give plaintiff a lien against his cooperative apartment that he co-owned with his wife.

Because plaintiff did not seek sanctions, the motion court should not have referred that issue to the special referee. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Acosta and Manzanet-Daniels, JJ.