■ JAMES ZIMMERMAN et al., Appellants, v JEFFREY I. KOHN, ESQ., et al., Respondents. [2 NYS3d 462]—

Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 17, 2014, dismissing the complaint, unanimously affirmed, without costs. Appeal from underlying order, same court and Justice, entered April 11, 2014, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs alleged that defendant attorneys (OM&M), who represented their preparatory school in an earlier federal action alleging the school's negligent supervision and retention of a football coach, made intentional misrepresentations in the federal action that proximately caused plaintiffs' attorneys to spend unnecessary attorney hours to establish an equitable estoppel argument opposing the school's motion to dismiss on statute of limitations grounds. The parties to the federal action ultimately entered into a confidential settlement, and plaintiffs voluntarily discontinued their claims, with prejudice, as against all the named defendants therein. Plaintiffs' counsel in

the federal action had a contingency fee arrangement with the plaintiffs, and was evidently compensated accordingly.

Even assuming any unwarranted attorney hours were, in fact, expended by plaintiffs' counsel on account of OM&M's challenged representations made to the court, any burden in rendering such additional attorney hours, and corresponding injury, was shouldered by plaintiffs' counsel, who worked pursuant to a contingency fee. Plaintiffs, upon settlement of their federal action, paid the same attorney fees to their counsel regardless of the hours their counsel had expended on the matter. Thus, plaintiffs have not alleged facts as would show OM&M's alleged misrepresentations proximately caused them any injury (*see Strumwasser v Zeiderman*, 102 AD3d 630 [1st Dept 2013]). Indeed, regardless of the alleged deceit by OM&M in federal court, the burden always remained with plaintiffs in such court to establish, in the first instance, a basis for their equitable estoppel argument, which warranted the pre-dismissal motion early discovery they conducted. To the extent plaintiffs' discovery was inhibited at all due to alleged lost notes prepared by one of the school's initial investigators, the attorney hours expended on such issue were not attributable to the alleged OM&M misrepresentations. Moreover, plaintiffs' spoliation motion was pending in the federal court, and a final determination of such motion was interrupted by plaintiffs' settlement of the action.

Plaintiffs' second cause of action, alleging OM&M was unjustly enriched by its receipt of attorney fees from its client, and that such fees should be disgorged in light of the alleged unwarranted attorney hours OM&M caused plaintiffs' counsel to expend in the federal action, fails to state a claim, as plaintiffs have not shown how OM&M's alleged fraud enriched OM&M at plaintiffs' expense (*see Edelman v Starwood Capital Group, LLC*, 70 AD3d 246, 250-251 [1st Dept 2009], *lv denied* 14 NY3d 706 [2010]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.