■ BOAZ MAOR, Respondent, v BLU SAND INTERNATIONAL INC. et al., Appellants. [38 NYS3d 907]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 13, 2016, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendants demonstrated their entitlement to judgment as a matter of law on plaintiff's breach of contract claim by submitting evidence that, from and after the date of the subject agreement, plaintiff continued to market and sell, for his own benefit, Magic Towels, which pertained to the Invention Assets, without ever obtaining express authorization from defendant Blu Sand International, Inc. Thus, plaintiff's breach of the agreement precluded him from satisfying a necessary element on a cause of action for breach of contract, namely, his own performance under the agreement (*see Dorfman v American Student Assistance*, 104 AD3d 474 [1st Dept 2013]).

"The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Here, the unjust enrichment claim cannot be maintained, since there can be no quasi-contract claim against a third-party nonsignatory to a contract that covers the subject matter of the claim (*see Randall's Is. Aquatic Leisure, LLC v City of New York*, 92 AD3d 463, 464 [1st Dept 2012], *lv denied* 19 NY3d 804 [2012]; *Bellino Schwartz Padob Adv. v Solaris Mktg. Group*, 222 AD2d 313 [1st Dept 1995]).

The claim for an accounting should have been dismissed in the absence of a fiduciary relationship arising out of the contract between the parties (*see Elghanian v Elghanian*, 277 AD2d 162 [1st Dept 2000], *lv denied* 96 NY2d 712 [2001]; *Waldman v Englishtown Sportswear*, 92 AD2d 833, 835-836 [1st Dept 1983]). Plaintiff also failed to show the existence of a joint venture agreement that would give rise to a fiduciary

relationship, since there was no evidence that plaintiff agreed to, inter alia, participate in losses as well as profits (*see Mendelson v Feinman*, 143 AD2d 76 [2d Dept 1988]). Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.