**Scott C. MUELLER, Plaintiff,**

v.

**MICHAEL JANSSEN GALLERY PTE. LTD. Michael Janssen, Wilhelm Schurmann, Marisa Newman Projects, LLC, Defendants.**

15 Civ. 4827 (NRB)

United States District Court,
S.D. New York.

Signed December 1, 2016

Edmund W. Searby, Baker & Hostetler LLP, Cleveland, OH, Robertson Drake Beckerlegge, Baker & Hostetler LLP, New York City, NY, for Plaintiff.

Alan Effron, Pelosi, Wolf, Effron & Spates, LLP, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

NAOMI REICE BUCHWALD,
UNITED STATES DISTRICT JUDGE

Plaintiff Scott Mueller brings this action against defendants Michael Janssen Gallery Pte. Ltd. (the "Janssen Gallery"), Michael Janssen ("Janssen"), Wilhelm Schurmann ("Schumann"), and Marisa Newman Projects, LLC ("Newman"). The lawsuit stems from Mueller's 2014 purchase of an artwork titled "Log Cabin." The Amended Complaint asserts unjust enrichment and breach of fiduciary duty claims against Newman and various claims against the other defendants. Newman moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, defendant's motion is granted.

## BACKGROUND [1]

### I. Factual Background

"Log Cabin" is an artwork created by American artist Cady Noland. Am. Compl. ¶ 7. It consists of a log cabin façade with an American flag hanging over the entrance. Id. At the time of the sale at issue in this lawsuit, it was installed in Germany

1. The following allegations are drawn from the Amended Complaint filed January 8, 2016 (ECF No. 15) (the "Amended Complaint" or "Am. Compl."), and are assumed to be true.

and owned by Wilhelm Schurmann, a German citizen. Id. ¶¶ 3, 7, 14.

In July 2014, Mueller entered into an agreement to purchase "Log Cabin" through the Janssen Gallery,[2] which had acquired the rights to sell the work (the "Agreement"). Id. ¶¶ 8, 9. The Agreement provided that Mueller would pay Janssen Gallery $1.4 million and that the work would be delivered to Mueller in Ohio. Id. ¶ 10. The Agreement also included a "buy-back" provision that required Janssen Gallery to return the $1.4 million to Mueller if the artist disavowed her work. Id. ¶ 11.

After executing the Agreement, Mueller wired the full $1.4 million purchase price to the Janssen Gallery. Id. ¶ 13. Prior to delivery, however, the artist disavowed "Log Cabin" when she learned that certain logs had rotted and been replaced. Id. ¶¶ 14–16. Mueller subsequently informed Janssen Gallery and Newman that he was exercising the Agreement's buy-back provision. Id. ¶ 17. The Janssen Gallery and Michael Janssen have since returned $600,000 to Mueller, but have not returned the remaining $800,000 that Mueller claims he is owed. Id. ¶¶ 20, 22, 23.

Defendant Newman is an art advisor based in New York. Id. ¶ 4. Although not a signatory to the Agreement, the Agreement provides that Newman would act as "an independent art advisor to facilitate the sale of the work." Id. ¶ 4. According to the Amended Complaint, Newman also initially informed Mueller's art dealer that "Log Cabin" was for sale and retained the law firm that drafted the Agreement. Id. ¶¶ 8, 9.

The Amended Complaint alleges that Mueller "placed confidence and trust in Newman to advise Mueller in good faith" and that Mueller "relied upon" Newman's advice when he purchased the work. Id.

¶¶ 33, 40. In particular, Mueller alleges that Newman "recommended the buy-back provision to address concerns that the artist might disavow the work" and "provided guidance that this was an unlikely concern." Id. ¶ 11. For example, when asked whether the artist had a legal right to disown her work under the Visual Artists Rights Act, Newman provided Mueller with a memo from Newman's legal counsel concluding that it was "hard to imagine" how the modifications made to "Log Cabin" would permit the artist to disavow the work under the Act. Id. ¶ 41. In addition, Newman sent Mueller's art dealer an annotated photograph of "Log Cabin" with comments suggesting that the artist would not disavow the work. Id. ¶ 42.

## II. Procedural Background

Plaintiff filed his initial complaint on June 22, 2015, and the Amended Complaint on January 8, 2016. The Amended Complaint asserts a breach of contract claim against Janssen Gallery and a conversion claim against the gallery's owner, Michael Janssen. Plaintiff has not served either Michael Janssen or the Janssen Gallery.

The Amended Complaint also asserts an unjust enrichment and breach of fiduciary duty claims against Newman and an unjust enrichment claim against Wilhelm Schurmann, "Log Cabin's" original owner. On March 15, 2016, defendant Newman moved to dismiss all claims brought against it for failure to state a claim. On May 6, 2016, plaintiff filed a notice of dismissal without prejudice against defendant Schurmann.

## DISCUSSION

### I. Motion to Dismiss Standard

A court ruling on a Rule 12(b)(6) motion to dismiss must accept as true all factual

---

**2.** The Janssen Gallery is owned by defendant Michael Janssen, a German citizen. Am.

Compl. ¶ 12. It is incorporated in Singapore and has galleries in Singapore and Berlin. Id.

allegations in the complaint and draw all reasonable inferences in plaintiff's favor. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim has "facial plausibility" when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678, 129 S.Ct. 1937. A court, however, need not accept conclusory allegations as true. Harris, 572 F.3d at 72.

## II. Breach of Fiduciary Duty Claim

■ To state a breach of fiduciary duty claim under New York law, plaintiff must allege (1) the existence of a fiduciary duty, (2) a knowing breach of that duty, and (3) damages resulting from the breach.[3] Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011). Plaintiff has failed to sufficiently allege any element of a breach of fiduciary duty claim against Newman.

### A. Existence of a Fiduciary Duty

■ "Under New York law, 'a fiduciary relation exists between two persons when one of them is under a duty to act or to give advice for the benefit of the other upon matters within the scope of the relation.'" Bank of Am. Corp. v. Lemgruber, 385 F.Supp.2d 200, 224 (S.D.N.Y. 2005) (alteration in original omitted) (quoting Mandelblatt v. Devon Stores, Inc., 132 A.D.2d 162, 168, 521 N.Y.S.2d 672, 676 (1st Dep't 1987)). Such a relationship may arise "when one has reposed trust or confidence in the integrity or fidelity on another who thereby gains a resulting superiority of influence over the first, or when one assumes control and responsibility over another." VTech Holdings, Ltd. v. Pricewaterhouse Coopers, LLP, 348 F.Supp.2d 255, 268 (S.D.N.Y. 2004) (internal quotation marks omitted). "Advice alone, however, is not enough to impose a fiduciary duty." EBC I, Inc. v. Goldman Sachs & Co., 91 A.D.3d 211, 216, 936 N.Y.S.2d 92, 96 (1st Dep't 2011); see also Citibank, N.A. v. Silverman, 85 A.D.3d 463, 466, 925 N.Y.S.2d 442, 445 (1st Dep't 2011) (reliance on advice insufficient to establish fiduciary relationship). Likewise, "[a] conventional business relationship does not create a fiduciary relationship in the absence of additional factors." Feigen v. Advance Capital Mgt. Corp., 150 A.D.2d 281, 283, 541 N.Y.S.2d 797, 799 (1st Dep't 1989).

Plaintiff has not adequately alleged that a fiduciary relationship existed between Mueller and Newman. The mere fact that Newman acted as an "independent art advisor" does not create a fiduciary relationship. See, e.g., Mandarin Trading Ltd. v. Wildenstein, 17 Misc.3d 1118(A), at *4, 851 N.Y.S.2d 71 (Sup. Ct. N.Y. Cty. 2007) ("[A]llegations of superior knowledge or expertise in the art field are per se insufficient to establish the existence of a fiduciary relationship."), aff'd, 65 A.D.3d 448, 884 N.Y.S.2d 47 (1st Dep't 2009), aff'd, 16 N.Y.3d 173, 944 N.E.2d 1104, 919 N.Y.S.2d 465 (2011); see also Hutton v. Klabal, 726 F.Supp. 67, 73 (S.D.N.Y. 1989) (same). And despite the suggestion in plaintiff's briefing that Mueller "retained" and "paid" Newman, see Pl's Memo. of Law in Opp. to Newman's Mot. to Dismiss (ECF No. 28)

---

**3.** Because the parties appear to assume that New York law governs plaintiff's claims, this Court will do the same. See VTech Holdings, Ltd. v. Pricewaterhouse Coopers, LLP, 348 F.Supp.2d 255, 262 (S.D.N.Y. 2004) ("The law of the forum state governs where, as here, neither party alleges that the law of a different state would control and differs from New York law.").

("Opp.") at 1, 3, the Amended Complaint nowhere alleges as much.

▮▮▮ Nor has plaintiff established the existence of a "special relationship of confidence and trust" that may give rise to a fiduciary relationship. At most, Mueller alleges that Newman advised Mueller (which advice actually benefited Mueller) and that Mueller relied on that advice. But providing advice does not make one a fiduciary. See EBC I, Inc., 91 A.D.3d at 216, 936 N.Y.S.2d at 96. Moreover, the fact that Mueller may have relied on Newman's advice is insufficient, because a "fiduciary duty cannot be imposed unilaterally." Id. (internal quotation marks omitted); see also Russell Pub. Grp., Ltd. v. Brown Printing Co., No. 13 CIV. 5193 (SAS), 2014 WL 1329144, at *3 (S.D.N.Y. Apr. 3, 2014) ("[R]eposing trust or confidence in a party that has superior access to confidential information is not sufficient to establish a fiduciary relationship—under New York law, there is no fiduciary duty unless the trust or confidence has been accepted as well."). In short, the Amended Complaint does not suggest that Newman "assume[d] control and responsibility over" Mueller or that Mueller "reposed trust or confidence in the integrity or fidelity on [Newman] who thereby gain[ed] a resulting superiority of influence over [Mueller]." See VTech Holdings, Ltd., 348 F.Supp.2d at 268.

The sole case that Mueller cites in support is not to the contrary. That case, Muller–Paisner v. TIAA, 289 Fed.Appx. 461 (2d Cir. 2008), involved defendants who advertised insurance products and investment options to their customers. In holding that the complaint adequately alleged a fiduciary relationship, the Second Circuit relied, in part, on defendants' statements that "trust [was] a crucial dimension of the relationship between the defendants and their customers." Id. at

466. No similar statements are alleged here.

Accordingly, Mueller has failed to allege that a fiduciary relationship arose between Mueller and Newman.

### B. Breach

▮▮▮ Even assuming that a fiduciary relationship existed, the Amended Complaint fails to allege a cognizable breach. Plaintiff first argues that Newman breached its fiduciary duty by "refusing to return its share of the purchase price after the artist disavowed the work and after Mueller invoked the buy-back provision." Am. Compl. ¶ 45; Opp. at 9. But this reasoning is circular. The Agreement does not impose any obligation on Newman to disgorge its fees. Absent some other independent legal obligation—which is not alleged—Newman's refusal to disgorge its fees cannot, in itself, be a breach.

▮▮▮ Plaintiff next argues that Newman breached its fiduciary duty of loyalty by "advising Mueller not to be deterred by the concern that Cady would disavow the artwork." Am. Compl. ¶¶ 42, 45; Opp. at 10. But even if true, Newman's advice would not constitute a breach of loyalty absent some allegation that Newman advised Mueller in bad faith, engaged in self-dealing, or had personal interests that conflicted with Mueller's. See, e.g., Birnbaum v. Birnbaum, 73 N.Y.2d 461, 466, 539 N.E.2d 574, 576, 541 N.Y.S.2d 746 (1989); see also Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 972 (2d Cir. 1989). No such allegations are made here. To the contrary, Newman's advice affirmatively benefited Mueller by protecting him against the risk that the artist would disown her work.

Finally, plaintiff argues that Newman had a "duty to seek the return of the full funds from Janssen Gallery" to Mueller. Opp. at 10–11. Plaintiff offers no authority

to support such a duty. Moreover, it is unclear how Newman could even seek the funds' return since Newman is not alleged to exert control or influence over the Janssen Gallery.

Thus, even if a fiduciary duty existed, plaintiff has failed to allege that Newman breached that duty.

## C. Causation

■ Plaintiff also fails to allege that his injury "resulted from" Newman's purported breach. See Johnson, 660 F.3d at 138; see also LNC Invs., Inc. v. First Fid. Bank, N.A. N.J., 173 F.3d 454, 465 (2d Cir. 1999) ("[W]here damages are sought for breach of fiduciary duty under New York law, the plaintiff must demonstrate that the defendant's conduct proximately caused injury in order to establish liability.").

Mueller's alleged injury is the Janssen Gallery's failure to return $800,000 of the original $1.4 million purchase price. See Am. Compl. ¶¶ 20, 22, 28. Even assuming that Newman was paid by the Janssen Gallery, Mueller's injury results from the Janssen Gallery's conduct, not Newman's.

Because plaintiff has failed to state any element of a breach of fiduciary duty, we grant Newman's motion to dismiss the claim.

## III. Unjust Enrichment Claim

■ To state an unjust enrichment claim under New York law, plaintiff must allege that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 55 (2d Cir. 2011) (internal quotation marks omitted). Plaintiff has failed to state an unjust enrichment claim.

## A. Claim Barred by Existence of the Agreement

■ As an initial matter, Newman argues that the unjust enrichment claim is barred by the existence of the Agreement. We agree.

■ Numerous decisions applying New York law have held that an unjust enrichment claim is barred "if there is a valid contract governing the subject matter of the dispute, even if one of the parties to the claim is not a party to that contract." Vista Food Exch., Inc. v. Champion Foodservice, LLC, 124 F.Supp.3d 301, 312 (S.D.N.Y. 2015) (emphasis added); see Maor v. Blu Sand Int'l Inc., 143 A.D.3d 579, 38 N.Y.S.3d 907, 908 (1st Dep't 2016) (barring unjust enrichment claim because "there can be no quasi-contract claim against a third-party nonsignatory to a contract that covers the subject matter of the claim"); see also Hildene Capital Mgt., LLC v. Friedman, Billings, Ramsey Grp., Inc., No. 11 CIV. 5832 (AJN), 2012 WL 3542196, at *10 (S.D.N.Y. Aug. 15, 2012); Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F.Supp.2d 162, 202–03 (S.D.N.Y. 2011); Randall's Is. Aquatic Leisure, LLC v City of N.Y., 92 A.D.3d 463, 464, 938 N.Y.S.2d 62, 63 (1st Dep't 2012).

In response, Mueller relies on a 25–year old opinion from this district, Seiden Associates, Inc. v. ANC Holdings, Inc., 754 F.Supp. 37 (S.D.N.Y. 1991). But Seiden and its reasoning have been consistently rejected by New York state courts and courts in this district such that it is no longer considered good law. See Am. Med. Ass'n v. United Healthcare Corp., No. 00 CIV. 2800 (LMM), 2007 WL 683974, at *10 (S.D.N.Y. Mar. 5, 2007) ("Despite the Seiden court's reasoning, subsequent decisions both in New York state courts and in this district have consistently held that claims

for unjust enrichment may be precluded by the existence of a contract governing the subject matter of the dispute even if one of the parties to the lawsuit is not a party to the contract."); see also Viable Mktg. Corp. v. Intermark Commc'ns, Inc., No. 09–CV–1500 (JS)(WDW), 2011 WL 3841417, at *3 (E.D.N.Y. Aug. 26, 2011) ("Plaintiff's reliance [on Seiden], however, is misplaced, as the rule pronounced in Seiden has decidedly fallen out of favor in New York courts. The court finds the trend of recent New York state and federal decisions to be persuasive and concludes that a claim for unjust enrichment, even against a third party, cannot proceed when there is a valid, written agreement governing the subject matter of the dispute." (internal quotation marks omitted) (citations omitted)); MBIA Ins. Corp. v. Royal Bank of Can., 28 Misc.3d 1225(A), at *37, 958 N.Y.S.2d 62 (Sup. Ct. Westchester Cty. 2010) (same); Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC, 637 F.Supp.2d 185, 196 (S.D.N.Y. 2009) (same).[4]

Applying the rule here, Mueller's unjust enrichment claim is barred by the Agreement's existence even though Newman was not a signatory to that Agreement. The Agreement clearly governs the subject matter at issue—i.e., the parties' obligations in the event that the artist disavowed "Log Cabin," see Effron Decl.

(ECF No. 22), Ex. B ¶ 6[5]—and thus precludes Mueller's claim that Newman was unjustly enriched by the Janssen Gallery's failure to honor the buy-back provision, see Ellington Credit Fund, 837 F.Supp.2d at 203 ("Although the SPS Affiliates were not parties to the PSA, they were allegedly enriched as a result of SPS's noncompliance with the PSA's servicing standards. This claim thus falls squarely within the subject matter of the PSA.").

Mueller attempts to avoid this result by arguing that the Agreement may not be enforceable because it is "uncertain" whether a German court would enforce this breach of contract judgment issued by this Court. Opp. at 15. But Mueller's argument confuses the enforceability of a contract with the enforceability of a judgment and in no way suggests that the Agreement is an unenforceable contract, a proposition that would, of course, be contrary to plaintiff's interest.

### B. Failure to State a Claim

Even if the unjust enrichment claim were not precluded by the Agreement's existence, the claim would still fail on its merits.

■ First, for a claim of unjust enrichment, the Amended Complaint is curiously devoid of allegations of "enrichment."

---

4. Neither of the other two cases cited by plaintiff change the above conclusion. In TransformaCon, Inc. v. Vista Equity Partners, Inc., No. 15–CV–3371 (SAS), 2015 WL 4461769 (S.D.N.Y. July 21, 2015), the court did not specifically analyze whether the existence of a contract barred an unjust enrichment claim against a non-signatory to the contract. Id. at *6. In Hughes v. BCI International Holdings, Inc., 452 F.Supp.2d 290 (S.D.N.Y. 2006), the court recognized that "a valid written agreement may preclude a claim for unjust enrichment even against a nonparty to that agreement," but appeared to find that the contract in question did not

cover the subject matter of the unjust enrichment claim. Id. at 304. In any event, to the extent that either case can be read as applying the rule set forth in Seiden, they are unpersuasive given the weight of subsequent case law rejecting that rule.

5. Because the Agreement is attached to the Amended Complaint as an exhibit and is incorporated by reference into the Amended Complaint, this Court may consider it on a motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

There is no allegation that Mueller paid Newman or even an allegation of an amount of money that Newman received from any source. Rather, Mueller alleges that his only payment was to the Janssen Gallery, and he merely speculates that Newman received an unspecified "percentage or portion." Am. Compl. ¶¶ 13, 34.

■ Second, even assuming that Newman was enriched, the New York Court of Appeals has held that a plaintiff cannot recover under an unjust enrichment theory where the plaintiff did not pay the fees in question. In IDT Corporation v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132, 907 N.E.2d 268, 879 N.Y.S.2d 355 (2009), IDT Corporation entered into an agreement with Telefonica International, S.A., concerning a fiber-optic network called SAm–1. IDT sought to recover investment banking fees that Morgan Stanley had received from Telefonica and other companies in connection with the SAm–1 network. The Court of Appeals rejected IDT's unjust enrichment claim:

> Nor can the unjust enrichment claim support the disgorgement of any profits Morgan Stanley obtained from Telefonica or other companies, in connection with SAm–1 .... In seeking Morgan Stanley's profits from SAm–1, IDT does not, and cannot, allege that Morgan Stanley has been unjustly enriched at IDT's expense, because IDT did not pay the alleged fees.

Id. at 142.

Other courts applying New York law have similarly rejected unjust enrichment claims where the plaintiff seeks to recover fees it did not pay. See, e.g., Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, No. 12 CIV. 3723 (RJS), 2013 WL 1294668, at *16 (S.D.N.Y. Mar. 28, 2013) ("Plaintiffs' claim for unjust enrichment fails because Plaintiffs did not pay these fees; the CDOs paid the fees that Plain-

tiffs allege were unjustly acquired."), rev'd in part, vacated in part, on other grounds, 797 F.3d 160 (2d Cir. 2015); In re Bayou Hedge Funds Inv. Litig., 472 F.Supp.2d 528, 531–32 (S.D.N.Y. 2007) (dismissing unjust enrichment claims brought by hedge fund's investors against law firm retained by hedge fund because "the payment by [the hedge fund] of operating expenses (such as legal fees) using misappropriated funds does not confer a 'direct' and 'specific' benefit on [the law firm] at the expense of plaintiffs"); Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A., No. 03 CIV. 1537 (MBM), 2003 WL 23018888, at *18 (S.D.N.Y. Dec. 22, 2003) (rejecting unjust enrichment claim where plaintiff did not pay defendant's fees), aff'd, 110 Fed.Appx. 191 (2d Cir. 2004); Goel v. Ramachandran, 111 A.D.3d 783, 792, 975 N.Y.S.2d 428 (2d Dep't 2013) (dismissing unjust enrichment claims where payments to defendant were "duly authorized"); Zimmerman v. Kohn, No. 652826/13, 2014 WL 1490936, *3 (Sup. Ct. N.Y. Cty. 2014) ("Unjust enrichment does not apply to the disgorgement of fees paid by another." (citing IDT Corp., 12 N.Y.3d at 142, 879 N.Y.S.2d 355, 907 N.E.2d 268)), aff'd, 125 A.D.3d 413, 414, 2 N.Y.S.3d 462, 464 (1st Dep't 2015), leave to appeal denied, 25 N.Y.3d 907, 32 N.E.3d 963 (2015).

■ Finally, plaintiff has not adequately alleged that any enrichment was "unjust." Nothing in the Amended Complaint suggests that Newman was not entitled to any fee it earned in connection with "Log Cabin's" sale. Accordingly, it is not the case that "equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Diesel Props S.r.l., 631 F.3d at 55.

Plaintiff's unjust enrichment claim against Newman is therefore dismissed.

## IV. Claims Against Other Defendants

Defendant Schurmann has been dismissed without prejudice. See ECF Nos. 30, 31. The remaining defendants, Michael Janssen and the Janssen Gallery, have not been served. Although service of foreign defendants is not subject to the ordinary 90 day time limit, see Fed. R. Civ. P. 4(m), defendants Janssen and the Janssen Gallery are dismissed without prejudice given that plaintiff has failed to serve them for over a year.

## V. CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss is granted. This Memorandum and Order resolves Docket No. 20. The Clerk of the Court is directed to close the case.

**SO ORDERED.**