Board of Mgrs. of the 15 Union Sq. W. Condominium v Azogui (2023 NY Slip Op 04920)

Board of Mgrs. of the 15 Union Sq. W. Condominium v Azogui

2023 NY Slip Op 04920

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 162500/15 Appeal No. 669 Case No. 2022-03233 

[*1]Board of Managers of the 15 Union Square West Condominium, Plaintiff-Respondent,
v
Moshe Azogui et al., Defendants-Appellants, BCRE 15 Union Square West LLC et al., Defendants.

Morrison Cohen LLP, New York (Joaquin Ezcurra of counsel), for appellants.
Gallet Dreyer & Berkey, LLP, New York (David L. Berkey of counsel), for respondent.

Order, Supreme Court, New York County (Debra James, J.), entered June 16, 2022, which, to the extent appealed from, denied the motion of defendants-appellants Moshe Azogui, Issac Hera, BCRE 15 USW Holdings LLC, BCRE 15 USW Second LLC, and BCRE 15 USW Corp. (collectively, appellants) to dismiss the cause of action for unjust enrichment as against them, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff's cause of action for unjust enrichment is barred by the written agreement between plaintiff and defendant condominium sponsor, despite the fact that appellants are nonsignatories to that agreement (see Maor v Blu Sand Intl. Inc., 143 AD3d 579, 579 [1st Dept 2016]). The case law is clear that even where a defendant is a third-party nonsignatory to a contract, there can be no cause of action sounding in quasi-contract where, as here, there is a valid contract in place and the contract covers the subject matter of the dispute (see Iberdrola Energy Projects v MUFG Union Bank, N.A., 218 AD3d 409, 411 [1st Dept 2023]; J.T. Magen & Co., Inc. v Nissan N. Am., Inc., 178 AD3d 466, 467 [1st Dept 2019]).
We have considered appellants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023