JOAN BRITON, INC., Respondent, *v.* ROBERT O. J. STREUBER, Defendant, and VERA DERHAM, Appellant.

First Department, May 18, 1971.

*Irving Ronald Storch* of counsel (*Herman N. Schwartz,* attorney), for appellant.

*Morris Gutt* of counsel (*David Jaffe* with him on the brief; *Weisman, Cellar, Allan, Spett & Sheinberg,* attorneys), for respondent.

KUPFERMAN, J. Starting in 1960, plaintiff, an interior decorator and seller of antiques and objects of art, worked on an apartment at 960 Park Avenue. The apartment belonged to the defendant Vera deRham, but payment for the work done and to be done, was the responsibility of her friend, the codefendant on the first three causes of action, Robert O. J. Streuber. There is no doubt that he was making a gift to Vera deRham. This work was done through 1962, and when Streuber fell behind in the payment of some of the bills, Vera deRham paid some small balances as they accrued.

In 1966, plaintiff agreed to do a substantial remodeling and furnishing job in the apartment, relying on the previous dealing with both Streuber and deRham. Streuber has paid $45,000 on account, with a balance of $33,572.35 unpaid. Streuber has raised various defenses with respect thereto, which are not now before the court, and resists making the payment because, among other reasons, he has married another in the interim. (Cf. *Lowe* v. *Quinn,* 27 N Y 2d 397 [1971] [recovery of engagement ring denied to a married man].)

The question before us is whether the plaintiff may proceed on the fourth cause of action on the theory of unjust enrichment against deRham, the person who received the specific benefits.

There is no claim on a guarantee by the defendant deRham, because there is no writing signed by her and it can be thought that the Statute of Frauds would apply (General Obligations Law, § 5–701, subd. 2; *Richardson Press* v. *Albright,* 224 N. Y. 497 [1918]). However, the Statute of Frauds language of a promise " to answer for the debt, default or miscarriage of another person; " might be distinguishable here for it could be held on the facts to be presented that this was an original promise.

The defendant deRham was not merely the innocent recipient of an unsolicited gift. It is indicated that she was intimately

involved in every stage of the arrangements, and having benefited therefrom, ought without any doubt also be liable to the plaintiff for what she received. (See *Bradkin* v. *Leverton,* 26 N Y 2d 192 [1970].)

A windfall creates a chilling effect. The defendant deRham is not a bona fide third-party donee beneficiary insofar as this plaintiff is concerned.

The order denying the motion to dismiss the fourth cause of action of plaintiff's second amended complaint should be affirmed, with costs.

STEUER, J. (dissenting). I dissent and would grant moving defendant's motion for summary judgment.

It appears that in 1966 plaintiff, an interior decorator, agreed to furnish an apartment located at 960 Park Avenue. The apartment belonged to the moving defendant, deRham, but the agreement for the furnishing was made by the defendant Streuber. At the time the agreement was made the defendants expected to marry. Streuber made payments amounting to approximately $45,000 as the work progressed. When the work was completed, amounting to some $78,000, Streuber refused to pay the balance, asserting that the proposed alliance between himself and defendant deRham did not and would not eventuate.

Plaintiff's claim against deRham is not based on any theory that credit was extended to her nor that she perpetrated any fraud on either plaintiff or Streuber. The pleading seeks to hold this defendant on a theory of unjust enrichment. In addition, the affidavit in opposition sets out that deRham assured plaintiff that she would be paid.

It should be clear that the assurance of payment. allegedly given by the moving defendant affords no ground for relief. It is not claimed — in fact it is unequivocally disclaimed — that this constituted an original promise to pay for the work. Nor is it relied on as a guarantee of payment by Streuber. And plaintiff does not assert that it was a fraudulent inducement either to undertake or continue the work. Apparently the assurance is relied on to establish that the benefits of the materials supplied and the work done were unjustly received by defendant.

It is difficult to see how this theory can be sustained. The primary concept of plaintiff's claim is that defendant deRham was unjustly enriched. Unless there is injustice in accepting a gift — a proposition few would care to support — there was no unjust enrichment here. There is not even a contention, much less a suggestion, that this defendant knew or had reason to suspect that Streuber would not pay according to his under-

taking. Nor is there any suggestion that she would have undertaken or could afford the project absent his agreement to be responsible. The mere fact that she was fortuitously benefited does not show that she was unjustly enriched. Generally the principle of unjust enrichment applies to a situation where one has received money or goods of another which it is inequitable or against good conscience for him to retain (*Miller* v. *Schloss,* 218 N. Y. 400, 407). Such money if obtained from the plaintiff may be recovered back. Or if the defendant has obtained a payment from a third person which should have gone to the plaintiff, it may be recovered on this theory (*Bradkin* v. *Leverton,* 26 N Y 2d 192). Here there is no such claim. Plaintiff does not claim that the goods supplied are rightfully plaintiff's. The old maxim " buyer beware " is now discredited. It is therefore hardly proper to extend it to " donee beware " because a donee may become liable, not to return the gift but to pay for it, if the donor has received it on credit.

STEVENS, P. J., CAPOZZOLI and NUNEZ, JJ., concur; STEUER, J., dissents in an opinion.

Order, Supreme Court, New York County entered on December 16, 1970, affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal.