■ NORCAST S.AR.L. et al., Appellants, v CASTLE HARLAN, INC., Respondent. [48 NYS3d 95]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 28, 2016, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the fraud-based and unjust enrichment claims, unanimously affirmed, without costs.

This action arises from the sale of a business by plaintiffs to a special purpose vehicle part-owned by defendant. Plaintiffs claim that defendant fraudulently induced them to sell the business for the deflated purchase price of $190 million by concealing the true identity of the buyer, a competitor business.

Plaintiffs' fraud-based claims (including fraud, conspiracy to defraud, fraud in the inducement, negligent misrepresentation, and aiding and abetting fraud) were properly dismissed because the damages sought were impermissibly speculative. Damages for fraud are calculated according to the "out-of-pocket" rule and must reflect "the actual pecuniary loss sustained as the direct result of the wrong" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Damages may only properly compensate plaintiffs for "what they lost because of the fraud, not . . . for what they might have gained," and "there can be no recovery of profits which would have been realized in the absence of fraud" (*id.*). Here, plaintiffs seek to recover the profits they might have gained had the true identity of the buyer been revealed. But there is no way of knowing what purchase price would have been agreed upon had the buyer's identity been known. Nor is there any suggestion that the agreed price was unfair, as it was voluntarily accepted by plaintiffs, who had their own financial advisors, as the result of a competitive bidding process and was $20 million higher than the next highest bid.

Plaintiffs's fraud-based claims also fail because their reliance on the alleged misrepresentations was not reasonable. Plaintiffs did not press defendant for a contractual warranty regarding the purchaser's identity, or even for direct answers to their questions on this subject, despite their awareness of defendant's close relationship with their competitor and suspicions regarding its involvement. "[W]hen the party to whom a misrepresentation is made has hints of its falsity, a heightened degree of diligence is required" and "[i]t cannot reasonably rely on such representations without making additional inquiry to determine their accuracy" (*Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 100 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]). Where, as here, "a party fails to

make further inquiry or insert appropriate language in the agreement for its protection, it has willingly assumed the business risk that the facts may not be as represented" (*id.*).

Plaintiffs' unjust enrichment claim was also properly dismissed. To successfully plead unjust enrichment, "[a] plaintiff must allege 'that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered' " (*Philips Intl. Invs., LLC v Pektor*, 117 AD3d 1, 7 [1st Dept 2014]). Here, the second element is not satisfied. Plaintiffs claim that defendant was unjustly enriched by a $25 million fee received from the competitor for its assistance in facilitating the purchase. Although there is no black-and-white rule that the payment complained of must have been made by the plaintiff itself (*see e.g. County of Nassau v Expedia, Inc.*, 120 AD3d 1178, 1179-1180 [2d Dept 2014]; *Harper-Lawrence, Inc. v Intershoe, Inc.*, 270 AD2d 8, 11-12 [1st Dept 2000]; Restatement [Third] of Restitution & Unjust Enrichment § 48), plaintiffs' claimed entitlement to the fee is too speculative to support their allegation that defendant was enriched "at [their] expense" (*Philips* at 7).

The unjust enrichment claim is also foreclosed by the existence of a valid and enforceable written contract governing the subject matter—i.e., the Share Purchase Agreement (*see Maor v Blu Sand Intl. Inc.*, 143 AD3d 579, 579 [1st Dept 2016]). This is true even though defendant is a third-party nonsignatory to the agreement (*see id.*; *Kordower-Zetlin v Home Depot U.S.A., Inc.*, 134 AD3d 556, 557-558 [1st Dept 2015]).

Because we dismiss this case, we need not reach the parties' arguments regarding the appropriateness of plaintiffs' requests for punitive damages and attorneys' fees and whether Pala Investments Ltd. has standing. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.