Lantau Holdings Ltd. v General Pac. Group Ltd. (2018 NY Slip Op 04952)





Lantau Holdings Ltd. v General Pac. Group Ltd.


2018 NY Slip Op 04952


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


7037 650085/17

[*1]Lantau Holdings Ltd., Plaintiff-Respondent-Appellant,
v
General Pacific Group Ltd., Defendant-Appellant-Respondent, SVK Capital Management, Ltd., et al., Defendants.


Friedman Kaplan Seiler & Adelman LLP, New York (Andrew W. Goldwater of counsel), for appellant-respondent.
CKR Law LLP, New York (Michael J. Maloney of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 13, 2018, which, to the extent appealed from as limited by the briefs, granted defendant General Pacific Group Ltd.'s motion to dismiss the complaint to the extent of dismissing "counts" 1 and 2 for breach of contract, 3 and 4 for rescission, 5 and 6 for declaratory judgments, and 14 for constructive trust, and denied the motion with respect to count 7 for unjust enrichment, unanimously modified, on the law, to reinstate the breach of contract claims and dismiss the unjust enrichment claim, and otherwise affirmed.
Plaintiff Lantau Holdings Ltd. is a securities repurchase lender, which means it typically lends money to borrowers in exchange for publicly traded securities, which it holds as collateral. In this case, Rex Global Entertainment Holdings Limited, a Hong Kong entity listed on the Hong Kong Stock Exchange (Rex) issued stock to two borrowers in April 2016. The two borrowers then entered into various loan documents with Lantau to exchange the Rex stock for loans. In these documents, the borrowers represented that the stock was unrestricted, and Lantau could sell the stock. Lantau turned around and sold the stock to defendant General Pacific Group Ltd. (GPG) pursuant to two stock purchase agreements (SPAs) dated a few days apart. The SPAs included numerous representations and warranties from Lantau that the stock was unrestricted. They also stated that GPG was not obligated to make any payments to Lantau until Lantau's collateral broker issued a notice of final acceptance acknowledging that there were no restrictions. The parties executed the first SPA on May 16, 2016, and stock was transferred shortly thereafter pursuant to that agreement into GPG's account. On May 21, Lantau and GPG learned that the Rex stock was actually restricted. On May 23, 2016, Lantau and GPG entered into the second SPA, which was substantially similar to the first SPA and contained the same representations and warranties, and more Rex stock was transferred into GPG's account. Even though no notice of final acceptance was issued pursuant to either SPA, GPG instructed the collateral broker to sell some of the stock on its behalf. After some of the stock was sold into the market, Rex obtained an injunction in Hong Kong prohibiting the further transfer or sale of the collateral stock.
Accepting the allegations in the complaint as true and affording them every favorable inference (see People v Coventry First LLC, 13 NY3d 108, 115 [2009]), Lantau has adequately pled a breach of contract claim. Lantau acknowledges that it breached the SPAs first by delivering restricted shares in violation of its representations and warranties. Lantau pleads, however, that even though it was aware of the breach, GPG continued to perform under the SPAs by taking control over the stock and instructing the collateral agent to trade it. In doing so, Lantau has adequately pled that GPG chose not to terminate the agreement, and rather chose to [*2]ignore the breach and continue performance. In making this choice, GPG was obligated to perform the SPAs in all essential respects on its part, including making payments owed thereunder (Ferguson Contr. Co. v State of New York, 202 AD 27, 35 [3d Dept 1922], affd 237 NY 186 [1923]; see Rebecca Broadway L.P. v Hotton, 143 AD3d 71, 81 [1st Dept 2016] [citing Restatement [Second] of Contracts § 246[1] and Comment b thereto; 23 Richard A. Lord, Williston on Contracts § 63:33 at 561-562]). Lantau adequately pled that GPG then breached the enforceable SPAs by failing to make payments thereunder.
Lantau's waiver theory does not support the breach of contract claim, as even though GPG continued to perform under the SPAs, it was still entitled to seek damages for partial breach. Moreover, Lantau failed to plead that GPG entered into any written, signed waiver of any rights under the SPAs, as explicitly required by the SPAs.
Supreme Court properly dismissed the rescission claims, as given the timing of the parties' knowledge of the restrictions on the stock as pled by Lantau, there could not have been a mutual mistake with respect to the second SPA (see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 453 [1993] [holding that "[t]he mutual mistake must exist at the time the contract is entered into"]). Moreover, rescission is a matter of discretion, and is an equitable remedy that is "to be invoked only when there is lacking complete and adequate remedy at law and where the status quo may be substantially restored" (Rudman v Cowles Communications, 30 NY2d 1, 13 [1972]; see also Loreley Fin. [Jersey] No. 28 Ltd. v Merrill Lynch, Pierce, Fenner & Smith Inc., 117 AD3d 463, 468 [1st Dept 2014]). Here, Lantau seeks monetary damages for its breach of contract claim and has an adequate remedy at law. Moreover, the status quo cannot be substantially restored, as some of the stock has been sold already.
Supreme Court also properly dismissed the declaratory judgment claims which sought a declaration that GPG waived all of its rights to indemnification under the SPAs. The SPAs clearly include an indemnification provision for all claims related to the stock and reliance on the representations and warranties with respect to the restrictions on that stock. As discussed above, GPG did not waive its rights with respect to the restrictions on the stock, and clearly relied upon the representations and warranties issued by Lantau regarding the stock being unrestricted, at least in the first SPA. Because Lantau seeks a declaration that the indemnification provision is unenforceable based upon these two grounds, these claims are insufficient as pled.
The unjust enrichment claim must be dismissed as the SPAs, which were valid and enforceable written contracts governing the relevant subject matter, preclude recovery in quasi-contract for events arising out of the same subject matter (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; Norcast S.ar.l. v Castle Harlan, Inc., 147 AD3d 666, 668 [1st Dept 2017]).
Lantau's allegations in the complaint were insufficient to show that it had a confidential or fiduciary relationship with GPG, and therefore, the constructive trust claim was properly dismissed (see Sharp v Kosmalski, 40 NY2d 119, 121-122 [1976];Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 473-474 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK