A.N.L.Y.H. Invs. LP v JDS Principal Highline LLC (2024 NY Slip Op 05133)

A.N.L.Y.H. Invs. LP v JDS Principal Highline LLC

2024 NY Slip Op 05133

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Index No. 651757/22 Appeal No. 2843 Case No. 2024-01886 

[*1]A.N.L.Y.H. Investments LP Also Known as Anlyh LP LLC, Plaintiff-Respondent,
v
JDS Principal Highline LLC, Defendant, JDS Construction Group LLC, et al., Defendants-Appellants.

Katsky Korins LLP, New York (Adrienne B. Koch of counsel), for appellants.
Blank Rome LLP, New York (Craig M. Flanders and Martin S. Krezalek of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered March 2, 2023, which denied the motion of defendants JDS Construction Group LLC and Michael Stern (collectively appellants) to dismiss the first cause of action against Stern for breach of contract, and the third and fourth causes of action for unjust enrichment and money had and received against JDS Construction Group LLC, unanimously reversed, on the law, without costs, and the motion granted. Contrary to appellants' contention, the statute of frauds does not preclude plaintiff's first cause of action. General Obligations Law § 5-701(a)(2) states that an agreement must be in writing if it is "a special promise to answer for the debt, default or miscarriage of another person." Therefore, an independent obligation of a promisor is not within the statute (see Slavenburg Corp. v Rudes, 86 AD2d 517, 518 [1st Dept 1982]). Here, it is submitted that plaintiff sufficiently pleaded that the oral loan agreement with Stern was an original promise, and the Note merely provided an additional obligor to repay the debt. Thus, it is submitted, plaintiff sufficiently pleaded that the oral agreement is outside the ambit of the statute of frauds (see Joan Briton, Inc. v Streuber, 36 AD2d 464, 465 [1st Dept 1971]), and dismissal pursuant to CPLR 3211(a)(5) is not warranted at this early stage of the litigation.
However, a promissory note for the debt issued by JDS Principal Highline LLC (JDS Highline), which, plaintiff alleges, is an entity wholly owned by Stern, and acted as an additional obligor on the loan, contains a merger clause which explicitly states that there are no verbal or other agreements that modify or affect its terms, which can only be amended by written agreement. Under General Obligations Law § 15-301(1) "[a] written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent." Since Stern's repayment of the loan pursuant to the oral agreement would necessarily affect the terms of the promissory note by relieving JDS Highline of its obligation, the promissory note precludes plaintiff from presenting evidence of an alleged oral loan agreement regarding the same subject matter (see Denenberg v Schaeffer, 137 AD3d 1197, 1198 [2d Dept 2016]). We note that the merger clause of the promissory note provides, in the broadest terms, that "[t]here are no verbal or other agreements which modify or affect the terms" of the note (emphasis added). Thus, the first cause of action for breach of contract against Stern is properly dismissed.
In its third and fourth causes of action, plaintiff asserts claims for unjust enrichment and money had and received against defendant JDS Construction Group LLC (JDS Construction), an entity owned by Stern, which allegedly actually [*2]received the $1.5 million lent by plaintiff pursuant to JDS Highline's promissory note. Because the subject matter of the loan and the terms of its repayment are governed by the promissory note — a written agreement whose validity and enforceability is not in dispute — quasi-contractual claims based on the same subject matter will not lie, even against a nonparty to the promissory note (see Dragons 516 Ltd. v GDC 138 E 50 LLC, 201 AD3d 463, 464 [1st Dept 2022] [the "prohibition against quasi-contractual claims in the face of an express contract applies not only to the parties in privity of contract, but noncontracting parties . . . as well"]; accord Norcast S.ar.l. v Castle Harlan, Inc., 147 AD3d 666, 668 [1st Dept 2017]; Maor v Blu Sand Intl. Inc., 143 AD3d 579, 579 [1st Dept 2016]; Melcher v Apollo Med. Fund Mgt. L.L.C., 105 AD3d 15, 27-28 [1st Dept 2013]; Randall's Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463, 464 [1st Dept 2012] ["there can be no quasi-contract claim against a third-party non-signatory to a contract that covers the subject matter of the claim"]). Given that there is no dispute concerning the validity of JDS Highline's promissory note, and given further that the note on its face covers the subject matter of the loan, it is of no moment that there is a dispute as to whether plaintiff and Stern entered into an oral agreement relating to the loan. Accordingly, the claims against JDS Construction for unjust enrichment and money had and received should have been dismissed based upon undisputed documentary evidence pursuant to CPLR 3211(a)(1). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024