| |
|---|
| **Deepdale Specialty Fin. I LLC v Harvard Med. Supplies LLC** |
| 2026 NY Slip Op 30808(U) |
| March 6, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No, 655426/2023 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. MELISSA A. CRANE**                    PART _____ 60M _____

                                                        *Justice*

-------------------------------------------------------------------------X

DEEPDALE SPECIALTY FINANCE I LLC,                    INDEX NO. _____ 655426/2023 _____

Plaintiff,

- v -

HARVARD MEDICAL SUPPLIES LLC,SARAH
ROSENBERG, MENACHEM STEINMETZ, GERSHON
BARKANY AKA GARY GERSHON, DART SEASONAL
PRODUCTS, INC.,JTG WHOLESALE LLC,PLAINVIEW
ENTERPRISES LLC,GENESIS HEALTHCARE PARTNERS
LLC,GENESIS PRX PARTNERS LLC,GLENSTAR PRX
PARTNERS LLC,

**DECISION
AFTER INQUEST**

Defendant.

-------------------------------------------------------------------------X

On December 30, 2024, the court granted plaintiff Deepdale Specialty Finance I LLC

("Deepdale")'s Motion Sequence No. 08 and entered default judgments as to liability against: (i)

defendant Harvard Medical Supplies LLC ("HMS") for breach of contract and fraud; (ii) defendant

Dart Seasonal Products, Inc. ("Dart") for aiding and abetting fraud; and (iii) defendant Genesis

Healthcare Partners LLC ("Genesis HC") and defendant Genesis PRX Partners LLC ("Genesis

PRX") for aiding and abetting fraud and for avoidance of a fraudulent transfer (Doc 210 [Decision

+ Order on Motion]). The parties agreed to hold the inquest for damages on the papers (Doc 240

[Order – Case Scheduling]). In support of the inquest, Deepdale submits the affidavit of Jeremy

Markowitz, Manager for plaintiff (Doc 250 [Markowitz Aff.], ¶ 1). No opposition papers were

filed.

Plaintiff seeks: (i) HMS: $17,633,435.20, with interest accruing at 24% per annum from

August 8, 2025 until the judgment is entered; (ii) Dart: $9,696,000, plus prejudgment interest at

# OTHER ORDER – NON-MOTION

[* 1]

the statutory rate accruing from December 27, 2021 until the judgment is entered; (iii) Genesis HC and Genesis PRX: $9,696,000, plus prejudgment interest at the statutory rate accruing from December 27, 2021 until the judgment is entered; together with attorneys' fees and post judgment interest. The court awards all of the above, except for the request for attorneys' fees.

**BACKGROUND**

On or about December 27, 2021, Deepdale and HMS entered into a Loan Agreement (Doc 253 [Loan Agreement]). Deepdale initially loaned HMS $3,028,000 (Doc 250, ¶ 6; Doc 254 [Composite of Wire Receipts], p. 1-8). Deepdale then made six subsequent cash advances to HMS (Doc 250, ¶ 8). Ultimately Deepdale loaned HMS a total out-of-pocket amount of $11,158,800 (*Id.*, ¶¶ 9-17; Doc 252 [Composite of Invoices], p. 4-8; Doc 254, p. 9-25).

In furtherance of HMS' obligations to repay the Loan under the Loan Agreement, HMS also executed a promissory note (Doc 250, ¶ 18; Doc 255 [Promissory Note]). HMS was obligated to repay the full amount of the Loan no later than March 11, 2022 (Doc 250, ¶ 23; Doc 255, p. 1). HMS defaulted on its obligations under the Loan Documents by failing to make any required payments by their respective maturity dates (Doc 250, ¶ 24; Doc 253, § 5.1). Upon an "Event of Default," the interest rate on the Loan would increase to the "Default Rate" which was defined as 24% per annum (Doc 250, ¶ 22; Doc 253, § 5.3).

After the date of its maturity default, HMS repaid a total of $1,462,800, leaving $9,696,000 unpaid on the loan principal (Doc 250, ¶ 30). Interest has accrued at 24% per annum on the outstanding principal balance since March 12, 2022, at a daily rate of $6,375.45 (*Id.*, ¶ 31). As of August 8, 2025, the amount due and owing by HMS to Deepdale with accrued interest is $17,633,435.20 (*Id.*, ¶ 32).

## DISCUSSION

The court already entered default judgments for liability against: (i) HMS for breach of contract and fraud; (ii) Dart for aiding and abetting fraud; and (iii) Genesis HC and Genesis PRX for aiding and abetting fraud and for avoidance of a fraudulent transfer (Doc 210).

### I.   Damages for Breach of Contract: HMS

Plaintiff has adequately established its entitlement to the unpaid loan balance of $9,696,000, with interest accruing at 24% per annum from the date of default until the judgment is entered. Under the Loan Agreement and the Note, Deepdale was entitled to full repayment of $9,696,000, plus interest at 24% per annum, since the date of default, March 12, 2022 (Doc 250, ¶¶ 19–22, 30–31; Doc 253, p. 2–3, §3.4, §5.3; Doc 255, p. 1).

### II.   Damages for Aiding and Abetting Fraud: Dart

"Damages for fraud are calculated according to the 'out-of-pocket' rule and must reflect the actual pecuniary loss sustained as the direct result of the wrong" (*Norcast S.ar.l. v. Castle Harlan, Inc.*, 147 A.D.3d 666, 667 [1st Dep't 2017]). Deepdale loaned HMS a total of $11,158,800 out-of-pocket (Doc 250, ¶ 17). To date, HMS has only repaid Deepdale a total of $1,462,800 (*Id.*, ¶¶ 25-30). Therefore, the total out-of-pocket losses to Deepdale as caused by Dart's aiding and abetting HMS amount to $9,696,000 (Doc 250, ¶ 30). Deepdale's cause of action for fraud accrued on December 27, 2021 when the Loan Agreement was executed (Doc 253). Thus, the court awards Deepdale $9,696,000, plus prejudgment interest at the statutory rate accruing from December 27, 2021 until the date judgment is entered.

### III.   Damages for Aiding and Abetting Fraud: Genesis HC and Genesis PRX

"The liability of co-conspirators is joint and several, notwithstanding the amount of any direct benefit conferred upon them through a fraudulent transaction" (*Merrill Lynch, Pierce,*

[* 3]

*Fenner & Smith Inc. v. Arcturus Builders Inc.*, 159 A.D.2d 283, 284–85 [1st Dep't 1990]). Similarly, Genesis HC and Genesis PRX have been found liable for aiding and abetting the fraud perpetrated in this case and are both jointly and severally liable for out-of-pocket damages, plus prejudgment interest at the statutory rate accruing from December 27, 2021 until the date judgment is entered.

## CONCLUSION

The court denies the part of plaintiff's inquest that seeks an award for attorneys' fees. There is no support in the record for plaintiff's entitlement to attorneys' fees. HMS, Dart, Genesis HC, and Genesis PRX are jointly and severally liable to plaintiff for the unpaid loan balance of $9,696,000, plus pre and post judgment interest.

Accordingly, it is

ORDERED that the Clerk is directed to enter judgment, in favor of plaintiff, and as against defendants HMS, Dart, Genesis HC, and Genesis PRX, jointly and severally, in the amount of $9,696,000, (i) with interest accruing at 24% per annum from March 12, 2022 until the date of this decision after inquest for HSM, and (ii) with prejudgment interest at the statutory rate from December 27, 2021 until the date of this decision after inquest for Dart, Genesis HC, and Genesis PRX, as calculated by the Clerk, and with interest thereafter at the statutory rate; and it is further

ORDERED that plaintiff's request for attorneys' fees is denied without prejudice.

DATE: 3/6/2026

MELISSA A. CRANE, JSC

Check One: [X] Case Disposed    [ ] Non-Final Disposition

Check if Appropriate: [X] Other (Specify _____ DECISION AFTER INQUEST _____ )